UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JANE E. HOFNER,**

      **Plaintiff,**

                                            Case No. 04-73176

**v.**

                                            HONORABLE DENISE PAGE HOOD

**NORTHWEST AIRLINES, INC.,**

      **Defendant.**

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated August 24, 2005. No objections were filed to the Magistrate Judge's Report and Recommendation.

Magistrate Judge Paul J. Komives concluded that the Plaintiff's claims were preempted by 29 U.S.C. § 1144(a) and that the Court should deny Plaintiff's Motion for Summary Judgment. The Magistrate Judge also concluded that if the Court agreed with the recommendation, it should enter an order requiring the parties to brief the issue of whether the Plaintiff's state law claims are preempted by 29 U.S.C. § 1132(a)(1)(B).

**I. Standard of Review**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

## II. Procedural Background and Applicable Law

Plaintiff Jane E. Hofner [hereinafter "Hofner" or "Plaintiff"] filed the instant complaint in Wayne County Circuit Court on July 16, 2004. Plaintiff brings this action against Defendant Northwest Airlines, Inc. [hereinafter "NWA"], asserting the following state law claims: (1) breach of contract, (2) promissory estoppel, (3) breach of implied contract, (4) unfair trade practice, (5) misrepresentation, and (5) silent fraud.

On August 18, 2004, NWA removed the case to this Court. NWA filed an answer on September 10, 2004. The answer argued, along with several other affirmative defenses, that all of Plaintiff's state law claims were preempted by the Employment Retirement Security Act of 1974 [hereinafter "ERISA"]. On October 25, 2004, in Plaintiff's response to NWA's affirmative defenses, Plaintiff denied ERISA's preemption of her state law claims.

On January 31, 2005, Plaintiff filed Jane E. Hofner's Motion for Summary Judgment in which she made the following arguments: (I) [Defendant] is legally responsible for [her] benefits enrollment not being properly received and recorded within [its] own web site and computer system; (II) [Her] claims are not preempted by ERISA; and (III) Even if, arguendo, [her] claims were viewed as subject to ERISA, [Defendant] would still be responsible to [her] based upon breach of its fiduciary duty.

On February 17, 2005, the instant action was referred to the Magistrate Judge. Defendant then responded to Plaintiff's Motion for Summary Judgment on February 24, 2005 and requested that its administrative decision denying Plaintiff's claim be affirmed. Plaintiff replied to Defendant's response on March 10, 2005.

Title 29 of the United States Code governs labor. Chapter 18, which covers the employee

retirement income security program, comprises the Employment Retirement Security Act of 1974, 29 U.S.C. §§ 1001-1461. It is the policy of ERISA:

> to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b).

Under 29 U.S.C. § 1132 ("Civil Enforcement"), "[a] civil action may be brought...by a participant or beneficiary...to recover benefits due to him under the terms of his plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

### III. Analysis

The Court accepts the Magistrate Judge's Report and Recommendation. The Court accepts that Magistrate Judge's conclusion that the state law claims: (1) breach of contract, (2) promissory estoppel, (3) breach of implied contract, (4) unfair trade practice, (5) misrepresentation, and (5) silent fraud are preempted under 29 U.S.C. § 1144. This Court also accepts the Magistrate Judge's conclusion that this Court should order the parties to brief the issue of whether Plaintiff's state law claims are completely pre-empted by 29 U.S.C. § 1132(a)(1)(B), and allows Plaintiff to amend her complaint to state an ERISA claim.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul J. Komives **[Docket No. 11, filed August 24, 2005]**, is ACCEPTED and ADOPTED in part as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff Jane E. Hofner's Motion for Summary Judgment **[Docket No. 7, filed on January 31, 2005]**, is DENIED.

IT IS FURTHER ORDERED that Plaintiff is allowed to amend her Complaint to state an ERISA claim within twenty one (21) days from the entry of this order.

IT IS FURTHER ORDERED that Defendant Northwest Airlines, Inc.'s Motion for Entry of Judgment Affirming ERISA Benefits Determination **[Docket No. 9, filed February 24, 2005]**, is DENIED without prejudice.

 s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: September, 27, 2005